**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| SEDINA TRALJES,<br><br>Plaintiff,<br><br>vs.<br><br>ENHANCED RECOVERY COMPANY, LLC d/b/a ERC,<br><br>Defendant. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Sedina Traljes, by and through her attorney Samuel Z. Marks, and for her Complaint against the Defendant, Enhanced Recovery Company, LLC., states as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant, Enhanced Recovery Company, LLC. d/b/a ERC (hereinafter "ERC"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. This action for damages is also brought by an individual consumer against Defendant, ERC, for violations of the Iowa Debt Collections Practices Act (hereinafter "IDCPA") Iowa Code § 537.7103 which prohibits debt collectors from attempting to collect a debt in a deceptive or unfair manner.

## II.   JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. The court further has jurisdiction pursuant to Iowa Code § 537.7103 and 28 U.S.C. § 1367(a).

4. Venue in this District is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Iowa.

### III.  PARTIES

5. Plaintiff, Sedina Traljes, (hereinafter "Traljes") is a natural person residing in Dallas County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined in Iowa Code § 537.7102(6).

6. Defendant ERC is a Limited Liability Company. Defendant has a registered agent in the State of Iowa, C T Corporation System, 400 E Court Ave., Des Moines, Iowa 50309.

7. Defendant is a "debt collector" as defined at Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6). Under 15 U.S.C. § 1692a(6), ERC is a debt collector, as the definition includes "any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts."

### IV.  FACTUAL ALLEGATIONS

8. On or before July 20, 2017 Defendant ERC began servicing a debt allegedly owed by the Plaintiff.

9. ERC attempted to collect an alleged debt on behalf of DIRECTV from the Plaintiff, despite the Plaintiff having formally disputed the debt.

10. The Plaintiff does not owe the alleged debt.

11. On or about July 20, 2017 Plaintiff received in the mail from ERC a document entitled Assignment Notice. Said document was an attempt to collect a debt and included the following information:[1]

    a. Creditor: DIRECTV

    b. DIRECTV Account Number: XXXX5557

    c. Amount of Debt: $287.90

    d. Reference Number: XXXXX0850

12. Said document acknowledged that the Plaintiff had previously disputed the account with ERC.

13. The subject debt is a "debt" pursuant to and Iowa 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

14. The Plaintiff has spoken with the Defendant and advised that the account the Defendant is attempting to collect is not the Plaintiff's account and that the Plaintiff is not liable for said debt.

15. The Plaintiff has never had service or purchased service through DIRECTV.

16. The debt in question does not exceed the threshold amount as set forth by Iowa Code § 537.1301(47) and 12 C.F.R. 1026.3(6).

## V.  CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.**

17. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

---

[1] Information in paragraph 9 was redacted in accordance with Fed. R. Civ. Pro. 5.2.

18. Defendant, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

    a. 1692e(2)(A) through the false representation of the character, amount, or legal status of any debt;

    b. 1692e(5) the threat to take any action that cannot legally be taken or that is not intended to be taken.

    c. 1692e(10) through a false representation or deceptive means to collect or attempt to collect any debt;

    d. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and

    e. 1692f(1) by collecting any amount not expressly authorized by the agreement creating the debt or permitted by law.

19. As a result of each and every violation by Defendant of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103**

20. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

21. Defendant, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

    a. 537.7103(1)(f) an action or threat to take an action prohibited by this chapter or any other law;

    b. 537.7103(4)(e) A debt collector shall not use a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning debtors. The following conduct is fraudulent, deceptive, or misleading within the meaning of this subsection: An intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

22. As a result of each and every violation by Defendant of the IDCPA, Plaintiff is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(a)(25); statutory damages in an amount between $100 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(a)(25); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant as follows:

- For an award of actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- For an award of actual damages for Defendant's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(a)(25).

- For an award of statutory damages of $1000.00 for Defendant's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(a)(25).

- For an award of award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

- For such other and further relief as may be just and proper.

## VI.  JURY DEMAND

The Plaintiff respectfully requests a trial by jury.


MARKS LAW FIRM, P.C.


/s/ Samuel Z. Marks_____
Samuel Z. Marks
Attorney I.D. # IS9998821
4225 University Avenue
Des Moines, Iowa  50311
(515) 276-7211
FAX (515)276-6280
EMAIL sam@markslawdm.com
         office@markslawdm.com
ATTORNEY FOR PLAINTIFF
SEDINA TRALJES